UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| EDWARD T. ZIEMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CASE NO. 3:07-cv-0153-DFH-WGH |
| KYLE KASSEL, individually and as an ) | |
| Officer of the Evansville Police ) | |
| Department, and CITY OF EVANSVILLE, ) | |
| INDIANA, ) | |
| ) | |
| Defendants. ) | |

ENTRY ON MOTIONS TO DISMISS

Plaintiff Edward T. Ziemer has sued the City of Evansville and Evansville Police Officer Kyle Kassel for the use of excessive force in the course of Kassel's arrest and booking of Ziemer on November 5, 2005 for public intoxication. Ziemer does not challenge the lawfulness of his arrest. He was eventually convicted of battery resulting in bodily injury, battery by body waste, and resisting law enforcement. See *Ziemer v. State*, 876 N.E.2d 387 (Ind. App. 2007) (memorandum decision). In this case, Ziemer seeks relief under 42 U.S.C. § 1983 for violation of his Fourth Amendment rights and under state tort law for alleged excessive force and assault and battery in the course of effecting the arrest and booking.

Defendants have moved to dismiss most of the claims for failure to state a claim upon which relief can be granted. As explained below, the defendants'

motions are granted in part and denied in part. Plaintiff may file an amended complaint if he believes he can revive the dismissed claims.

First, both the City of Evansville and defendant Kassel have moved to dismiss any state law claim for punitive damages. Their motions are granted as to that issue. Indiana law does not permit awards of punitive damages under the Indiana Tort Claims Act, Ind. Code § 34-13-3-4(b). Plaintiff cannot reasonably avoid that result with respect to defendant Kassel by alleging that he was acting outside the scope of his employment. The complaint alleges that Kassel committed the tort of battery in the course of arresting Ziemer for public intoxication. Even if Kassel acted tortiously or criminally while arresting and booking Ziemer, he was acting within the scope of his employment. See, *e.g.*, *Bushong v. Williamson*, 790 N.E.2d 467, 473-74 (Ind. 2003) (holding that teacher who allegedly used excessive force to discipline student in gym class acted within scope of employment); *Kemezy v. Peters*, 622 N.E.2d 1296, 1298 (Ind. 1993) (holding that intentionally criminal, and even wanton or willful use of force by police officer, may be within scope of employment of officer making arrest where the wrongful acts "originated in activities so closely associated with the employment relationship as to fall within its scope").

Second, the federal claim against the City of Evansville is also dismissed. A local government may not be held liable for constitutional violations by its employees on a theory of respondeat superior, which is all that the complaint

alleges. Instead, a plaintiff seeking damages from the local government under section 1983 must allege and prove that his injuries were caused by a municipal policy, custom, or practice that foreseeably caused the type of constitutional violation that the plaintiff suffered. See *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694-95 (1978).

In his opposition brief, plaintiff suggests that he can easily amend his complaint to allege that it was "the policy and practice of the City of Evansville to authorize certain officers, including Kyle Kassel, to cover up the use of excessive force in making arrests," so as to encourage and cause the use of excessive force in making arrests. It may be easy to include the words. If plaintiff does amend his complaint to this effect, the issue may become whether he has a good faith basis for making such allegations after reasonable inquiry, but that question is not presented at this stage. Also, plaintiff's brief refers to such future allegations as supporting respondeat superior liability. They do not. If plaintiff alleges and then proves that a city policy, custom, or practice caused a violation of his federal constitutional rights (as opposed to relying on state law to indemnify an individual officer for liability for compensatory damages and attorney fees), that would be direct liability, not respondeat superior liability.

Third, the court denies the city's motion to dismiss the state tort claims on the merits based on the law enforcement exception to the Indiana Tort Claims Act, Ind. Code sec 34-13-3-3(8), which exempts the city and its officers from liability

for a loss resulting from the "adoption and enforcement of or failure to adopt or enforce a law (including rules and regulations), unless the act of enforcement constitutes false arrest or false imprisonment." As the city's brief recognizes, this court has many times followed the Indiana Supreme Court's decision in *Kemezy v. Peters*, 622 N.E.2d 1296 (Ind. 1993) (answering question certified by federal court), to hold that the law enforcement exception does not apply to the use of excessive force by a police officer. *E.g., Fidler v. City of Indianapolis*, 428 F. Supp. 2d 857, 866-67 (S.D. Ind. 2006) (reviewing developments in Indiana law); *Estate of O'Bryan v. Town of Sellersburg*, 2004 WL 1234215, at *23-24 (S.D. Ind. May 20, 2004); accord, *Rising-Moore v. Wilson*, 2005 WL 1607187, at *12-13 (S.D. Ind. July 7, 2005) (Barker, J.) (following *Kemezy* after careful review of Indiana decisions).

The city offers reasons why the Indiana Supreme Court might revisit the issue, including a sea change in the state court's approach to the public duty – private duty framework that was used in *Kemezy*. See *King v. Northeast Security, Inc.*, 790 N.E.2d 474, 479, 482 (Ind. 2003) (stating that *Benton v. City of Oakland City*, 721 N.E.2d 224, 230 (Ind. 1999), overruled prior decision based on the public duty – private duty dichotomy). It is at least possible that the Indiana Supreme Court might overrule *Kemezy*. Compare, *e.g., City of Anderson v. Davis*, 743 N.E.2d 359, 366 n.4 (Ind. App. 2001) (intermediate court predicting in dicta the demise of *Kemezy* holding), with *O'Bannon v. City of Anderson*, 733 N.E.2d 1, 2-3 (Ind. App. 2000) (intermediate appellate court recognizing tension in case law).

-4-

*Kemezy* remains directly on point, and the Indiana Supreme Court itself has not signaled a willingness to overrule it.  Also, this court would not easily predict that the state court would reach the conclusion advocated here by the City of Evansville:  that Indiana law offers *no remedy at all* to Indiana citizens who are unlawfully beaten or even killed by police officers carrying out their official duties. If the citizens of Indiana choose to write their law in that way, so that they must rely only on federal law to restrain police officers from using unreasonable force and violence against them, then this court will enforce that Indiana law.  For now, however, this court continues to follow *Kemezy* and denies the city's motion to dismiss the state law claim against it.

Fourth, defendant Kassel is entitled to dismissal of the state law claims against him in his individual capacity.  Under the Indiana Tort Claims Act, and precisely opposite federal law under section 1983, the plaintiff is entitled to relief directly against the local government but not against the individual officer because defendant Kassel was acting within the scope of his employment in arresting and booking plaintiff.  See Ind. Code § 34-13-3-5(b).

The claims that survive the defendants' motions to dismiss are plaintiff's section 1983 claim against defendant Kassel in his individual capacity for both compensatory and punitive damages, and plaintiff's claim for battery against the City of Evansville for compensatory damages.  See *City of Newport v. Fact Concepts, Inc.*, 453 U.S. 247, 270-71 (1981) (holding that local governments are

immune from punitive damages under 42 U.S.C. § 1983). All other claims are dismissed, without prejudice to plaintiff's ability to file an amended complaint no later than 28 days from the date of this entry. Any such amendment to revive a dismissed claim must, of course, comply with Rule 11 of the Federal Rules of Civil Procedure. Also, in the vast majority of cases like this alleging excessive force against a police officer, the combination of (a) the surviving federal claim against the individual officer for compensatory and punitive damages and fees, (b) the surviving state law claim against the city for compensatory damages, and (c) available state law indemnification of the individual officer for compensatory damages and attorney fees (see Ind. Code § 34-13-4-1) provides all the relief available for a meritorious case.

So ordered.

Date: February 5, 2008

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Charles L. Berger
BERGER & BERGER
cberger@bergerlaw.com

Dwight Timothy Born
TERRELL BAUGH SALMON & BORN LLP
tborn@tbsblaw.com

John P. Brinson
jbrinsonlaw@choiceonemail.com

John Andrew Goodridge
jgoodridge@jaglo.com

Jennifer L. Ulrich-Keppler
BERGER & BERGER
ulrich@bergerlaw.com